UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
XENIA D. MOODIE-WILLIAMS and JAPETH BRUCE,

                              Plaintiffs,

        -against-

JOHN DOE DRIVER 1 (said name presently unknown) Individually and as Agent, Servant and/or Employee of WASHINGTON DELUXE COMPANY, Q.T. TRANSPORT, INC., and/or DC TRAILS, INC.; WASHINGTON DELUXE COMPANY; Q.T. TRANSPORT, INC. individually and/or doing business as DC TRAILS, INC.; DC TRAILS, INC. individually and/or doing business as Q.T. TRANSPORT, INC.; JOHN DOE DRIVER 2 (said name presently unknown) Individually and as Agent, Servant and/or Employee of J.B. HUNT; J.B. HUNT; JOHN DOES I-V (said names presently unknown); ABC CORPORATIONS 1-10 (said names presently unknown); DEF MAINTENANCE COMPANY I-V (said names presently unknown); and XYZ MANAGEMENT COMPANY (said names presently unknown) individually, jointly, severally and/or in the alternative,

                              Defendants.
------------------------------------------------------------------x

MEMORANDUM AND ORDER

12-cv-03268 (ENV) (VMS)

VITALIANO, D.J.

      Plaintiffs initiated this action on June 29, 2012, invoking diversity as the sole basis for the Court's jurisdiction. See 28 U.S.C. § 1332. In both its original and amended answers, defendant J.B. Hunt Transport, Inc. did not challenge diversity jurisdiction; other defendants have yet to respond. Notwithstanding, it is well settled that "[section] 1332 requires complete diversity between all plaintiffs and all defendants." *Cushing v. Moore*, 970 F.2d 1103, 1006 (2d Cir. 1992). The complaint on its face establishes that plaintiff Moodie-Williams is a citizen of

the state of New York, residing in Brooklyn. The complaint also alleges that defendant Washington Deluxe Company "was and is . . . duly incorporated and existing under the laws of the State of New York," and "maintain[s] a principal place of business at 482 Bedford Avenue, Brooklyn, NY 11211." Hence, Washington Deluxe Company is, for diversity purposes, also a citizen of New York. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

Since at least one plaintiff and one defendant are citizens of New York, there is a lack of complete diversity. As a consequence, the Court lacks subject-matter jurisdiction to hear the case. Moreover, the absence of objection is irrelevant. "Subject matter jurisdiction cannot be waived," *Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010), and a court must dismiss a case *sua sponte* when it finds subject matter jurisdiction lacking. *See Endicott Johnson Corp. v. Liberty Mut. Ins. Co.*, 116 F.3d 53, 58 (2d Cir. 1997). Such is the case here.

## CONCLUSION

For the reasons outlined above, on the Court's own motion, the case is dismissed without prejudice to its refilling in a forum of appropriate jurisdiction.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
December 03, 2012

s/Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge